THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEIL JAMES ROBERSON, | CASE NO. C24-1130-JCC |
| Petitioner, | ORDER |
| v. | |
| VERGE, | |
| Respondent. | |

This matter comes before the Court on Petitioner's multiple motions for relief from judgment (Dkt. Nos. 14–16). Having thoroughly considered the relevant record, the Court DENIES each for the reasons explained herein.

Petitioner filed a 28 U.S.C. § 2241 habeas petition in July 2024. (Dkt. No. 1.) But after he failed to timely respond to the Honorable United States Magistrate Judge Theresa L. Fricke's order to show cause, which treated the petition as one brought under 28 U.S.C. § 2254, (*see* Dkt. No. 8 at 2),[1] Judge Fricke recommended the Court dismiss the petition without prejudice. (*See* Dkt. No. 9.) This Court adopted the recommendation and issued judgment after Petitioner failed to lodge timely objections to the recommendation. (*See* Dkt. No. 12.)

---

[1] According to the order to show cause, the petition fails to establish the requisite exhaustion of state court remedies. (*See* Dkt. No. 8 at 2) (citing 28 U.S.C. § 2254(b)(c); *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

Petitioner now moves for relief from that judgment pursuant to Federal Rule of Civil Procedure 60(b), contending that the Court failed to conduct a *de novo* review of his petition. (*See generally* Dkt. Nos. 14–16.) Under Rule 60(b), the Court may grant relief from a judgment upon a showing of (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. The last ground is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).

Petitioner has not established any of the grounds for relief under Rule 60(b). First, the Court only conducts *de novo* review of those portions of a magistrate judge's recommendation to which a party properly objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). This allows the Court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985); *see U.S. v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A]n unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate."). Second, even if the Court were to vacate the judgment, this would not change the outcome. This is because the Court has thoroughly reviewed the petition and Judge Fricke's recommendation and confirms that the recommendation is well reasoned and sound.

Accordingly, Petitioner's multiple Rule 60(b) motions (Dkt. Nos. 14–16) are DENIED.

DATED this 26th day of December 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE